MENZE vs. COUNTY OF OTTER TAIL FILE NO._____

RECEIVED
APR 0 9 2024
CLERK, U.S. DISTRICT COURT
FERGUS FALLS, MINNESOTA

April 8, 2024

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Case No. ___24cv1243 PJS/LIB___

Aaron O. Menze                    Plaintiff,

**PLAINTIFF'S CLAIM**

vs.

**COUNTY OF OTTER TAIL**          Defendants

  -Franchise of the State of Minnesota

**Wayne Stein;**                                    DEMAND FOR TRIAL
                                                    BY JURY
  -Agent in his Official Capacity

**Wayne Stein;**                                    YES __X__   NO ___

  -Individual in his Private Capacity

**Heather Jacobson**

  -Agent in her Public Capacity

## **COMPLAINT**

1.    Plaintiff No. 1

        Name:              **Aaron O. Menze**

        Street Address     47705 Co Hwy 54

SCANNED
APR 0 9 2024
U.S. DISTRICT COURT FF

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

|  |  |
|---|---|
| County, City | Otter Tail, Ottertail |
| State & Zip Code | Minnesota, 56571 |
| Telephone Number | 218-640-6658 |

2.      Defendant No. 1          In his official capacity:

|  |  |
|---|---|
| Name | County of Otter Tail |
|  | **Wayne Stein**: Otter Tail County Auditor-Treasurer |
| Street Address | 500 W Fir Ave |
| County, City | County of Ottertail, Fergus Falls |
| State & Zip Code | Minnesota 56537 |
| Telephone Number | 218-998-8041 |

Defendant No. 2          In his individual private capacity:

|  |  |
|---|---|
| Name | **Wayne Stein**: Otter Tail County Auditor-Treasurer |
| Street Address | 500 W Fir Ave |
| County, City | County of Ottertail, Fergus Falls |
| State & Zip Code | Minnesota 56537 |
| Telephone Number | 218-998-8041 |

Defendant No. 3          In her official capacity:

|  |  |
|---|---|
| Name | County of Otter Tail |
|  | **Heather Jacobson**: Otter Tail County Assessor |
| Street Address | 500 W Fir Ave |
| County, City | County of Ottertail, Fergus Falls |

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

State & Zip Code      Minnesota 56537

Telephone Number     218-998-8010

## **JURISDICTION**

1.      The Plaintiff herein consents and grants this Court the limited authority to administer this claim but reserves all rights not expressed.

2.      By Mathew 18:15-17 the named Defendants have forsaken their duty of care through their acts and omissions of Tort upon the Plaintiff and have waived their rights and privileges of immunity through any Rule 12 motion.

3.      The "judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States".

4.      This court has subject matter jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)(4).  This Court has subject matter jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all of the acts and omissions giving rise to Plaintiffs' claims occurred within the County of Otter Tail in the State of Minnesota and is thus within the United States District Court, District for Minnesota.

6.      Furthermore, pursuant to 28 U.S.C. § 1391(e) all named Defendants are agents of the United States through their respective Union State status under Article VI, Paragraph 2 of the U.S. Constitution commonly referred to as the Supremacy Clause.

7.      This action arises under 42 U.S.C. § 1983 to redress deprivations of Plaintiff's rights through acts and omissions that Defendant(s) committed under color of law as willful participants in joint activity with others.

8.      This action also arises under 42 U.S.C. § 1985(3) for the deprivation of rights and privileges by class based discriminatory animus through acts and omissions that Defendant(s) committed under color of law as willful participants in joint activity with others.

## PLAINTIFF

9.      The Plaintiff is a private man that has made and continues to make the following statement by free will and accord to all interested persons and those attempting to administer the Plaintiff's property: "I, Aaron O. Menze as a pacifist by convenience and consistency, am who I am, all present and accounted for from the very beginning (zygote) to the very end (my last breath). My land is held by allodium trust between my creator and myself with the exclusive right of administration. No portion thereof has been abdicated, granted, or relinquished to anyone else".

10.      As a friend of all courts, I, the named Plaintiff, comes in peace to settle all matters of question honorably, swiftly, and completely and reserve all rights and waive none, ever. This includes but is not limited to the right to life, liberty, and the pursuit of happiness (property) without interference.

11.      The Plaintiff retains all [100%] equity to his property making him the absolute and exclusive owner of himself, fruit of his labors, and all property obtained through the voluntary conversion of one form, type or species of property into another property.

12.      The Plaintiff has expressed through affidavit, declaration, briefs, and the like that no rights to the Plaintiff's property has been granted to another [and especially not to the Federal or State government] by contract, trust or the like.

13.      The Plaintiff is "one of the People" by trust and therefore the principal and beneficiary of both State and Federal trusts through their respective constitutions.

## DEFENDANTS

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

14.    The named Defendants within this claim are a direct employees [trustees] of the County

of Otter Tail as a franchise of the State of Minnesota and receive their authority to act in their

official capacity under both State and Federal Constitutions by trust and privilege.

15.    The Defendants have the general [statutory] authority to act upon public property and

possible qualified [limited] authority to act upon private property but only with evidence of a

nexus.

16.    Consequently, the Defendant, Wayne Stein has limited or implied immunity from civil

claims in his individual [private] capacity. However, since the Defendant continued to commit,

conspire, and obfuscate the truth of the matter through acts and omissions of Tort upon the

Plaintiff and his property, in spite of notice and memorandum of law provided to him, all bars of

civil immunity in his individual [private] capacity has been removed. Therefore, all herein civil

claims are accorded to Wayne Stein in his official capacity as well as his individual [private]

capacity.

17.    **INTRODUCTION – BACKGROUND – ADMNISTRATIVE REDRESS**

18.    Sometime during 2019 the Plaintiff started questioning tax assessment claims by the

County of Otter Tail Auditor-Treasure being made upon the Plaintiff's private property. The

Auditor-Treasure's notices of claims were based upon information by the County of Otter Tail

Assessor's office.

19.    The assessment claims were and still are a joint effort of the County Assessor and the

County Auditor-Treasurer and listed certain and specific obligations that included but not limited

to: COUNTY OF OTTER TAIL, TOWN OF OTTER TAIL and DEER CREEK, TOWNSHIP

OF OTTO and OTTER TAIL, school district 545, 553, 549 and 2155, State General Tax, Special

Taxing Districts and Non-school voter approved referenda levies.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____        April 8, 2024

20.     On or about November 18th, 2020, the Plaintiff requested information from the County of

Otter Tail Auditor-Treasure and Assessor that would substantiate the County of Otter Tail's tax

liability claims being made upon the Plaintiff's private property. Accompanying this request was

an exemption application claiming said property was not the subject of the statutory taxing

scheme as a general practice. Furthermore, a check for the full assessed tax liability was sent to

the County of Otter Tail from the Plaintiff to insure no dishonor or default would ensue with the

stipulation that the requested information would be forthcoming to substantiate the assessed tax

liability.

21.     Wayne Stein, the Otter Tail County Auditor-Treasure responded with a letter dated

December 2nd, 2020 accompanied by "*1.) Elected Official Oaths, and 2.) Tax Value and Credit

List for Payable Year 2016 through Payable Year 2020*".

22.     Doug Walvatne as the County of Otter Tail Assessor also responded with a letter dated

December 2nd, 2020 with the "*enclosed information*":

   1.  *Application form Property Tax Exemption*
   2.  *Letter of Denial for Property Tax Exemption*
   3.  *Spreadsheet with 2020 Property Classifications*
   4.  *Document explaining "Methods of Assessment/Rules for Assessment*
   5.  *Property assessment field cards*
   6.  *Table of Land Use codes (interpret type of land values on field cards).*

23.     The Plaintiff served notarized offers to settle the controversy created by Defendant's

unsubstantiated claims. These offers were sent by certified mail dated on November 16th, 2020

and delivered November 18th, 2020 and also dated May 14th 2021 and delivered on May 17th,

2021. A check for the full assessed fees was also included in anticipation of the substantiation of

the Defendant's claims.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____    April 8, 2024

24.    The Plaintiff's conditional acceptance offers were never acknowledged by the Defendant's and the Plaintiff's check was cashed without consideration given. Both of these offers fall under the MGDPA (Minnesota Government Data Practices Act), FOIA (Freedom of Information Act), and general practices of full disclosure.

25.    Furthermore, these offers brought to bear a "duty of care" upon the Defendant(s) to go beyond the MGDPA and FOIA minimum requirements and should have compelled the Defendant's to substantiate their claims in order to stop and prevent the possibility of any continued Tort upon the Plaintiff and his property.

26.    To date, the Defendant's claims have not been substantiated with any type of jurisdictional statements or substantiating evidence that the State or County has personal, subject matter and territorial jurisdictional authority over the Plaintiff or his private property.

27.    The only information provided or referenced by the Defendants was M.S. 273.01, M.S. 273.11, and M.S. 273.13. These are the Minnesota State Statutes that were and still are used to create the statutory tax assessments upon the Plaintiff's private property.

28.    There must be a clear distinction made between property that is exempt from taxation by statute (which implies jurisdictional matters have been settled) and claims upon property without jurisdiction being established. The Defendants have not substantiated jurisdictional claims over the Plaintiff's property to date nor have offered any explanation or evidence as to how and why their claims have jurisdictional authority accorded to the Plaintiff's property.

29.    Furthermore, there has been no nexus brought forward between the Plaintiff's private property and the State of Minnesota or any of its franchises.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

30.     Wayne Stein as the Otter Tail County Auditor-Treasurer did state on the record before

Judge Johnathan Judd on May 9, 2023 under oath during a hearing regarding Court File No. 56-

CV-23-844 that the State has jurisdiction over "all property in the State".

31.     Also, Benjamin Olsen (# 0399365) as Otter Tail County Assistant County Attorney stated

during the same hearing on the record that the County does not need to establish jurisdiction

because "it is presumed" to exist.

32.     Mr. Olsen's statement evidences the administrative nature of the State District court

proceedings under statutory authority without the independent judicial authority equal to the

executive branch of government. This lends itself to due process violations, bills of attainders,

trespass and conversion of rights just name a few. This issue will be dealt with in another Federal

Trot claim naming judges and attorneys who all operate by privilege and trust and conspired with

the named Defendants to convert the Plaintiff's private property through an administrative

process without due process of law.

33.     The Plaintiff used the exemption process to highlight the question of jurisdiction by the

State [and County] over the Plaintiffs private property under Statute Code.

34.     The Plaintiff used an "Application for Property Tax Exemption" dated November 16th,

2020 and May 13th, 2021 as a means to challenge the States jurisdictional claim upon the

Plaintiff's property. Both of these applications were denied by the assessor's office.

35.     The Plaintiff made a good faith effort to settle this matter of controversy by sending

notices of status, written offers to meet, conditional offers of acceptances, and in person offers to

discuss the Defendants application of statutory code to the Plaintiff's private property in direct

contradiction to both the State and Federal Constitutions. All offers were either not

acknowledged or outright rejected.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____            April 8, 2024

36.    **ADMINISTRATIVE PROCESS: STATE DISTRICT COURT OF MINNESOTA**

37.    The Plaintiff has made a good faith effort to resolve the unsubstantiated obligations made upon the Plaintiff's property through administrative processes. This is evidenced in the State of Minnesota, County of Otter Tail, Seventh Judicial District Court, in Court File No. 56-CV-23-582, 56-CV-AD-23-6, 56-CV-22-718, 56-CV-23-494 and 56-CV-23-844.

38.    Before seeking a judicial determination through a trial by jury afforded by law and guaranteed by both State and Federal constitutions, the Plaintiff has made every possible effort to resolve all matters of controversy through the State administrative process to no avail.

39.    Administrative redress of injuries has been exhausted in this matter and all claims were paid in full by the Plaintiff with a CASHIER'S CHECK drawn through the First National Bank of Ottertail for the sum total of sixty thousand, eight hundred ninety five dollars and seventy eight cents ($60,895.78). This is only part of the total assessments that have been paid to the County of Otter Tail Treasure since the Plaintiff's first objection (removal of consent) to the tax liability claims.

40.    Within Court File No. 56-CV-23-844, the record will show that the Plaintiff moved the Court to reconsider its position and rulings with regards to the Plaintiff and his property. In response, Benjamin Olsen (# 0399365) as Otter Tail County Assistant County Attorney filed a motion for sanction to have the Plaintiff identified as a "frivolous litigant" and "order imposing preconditions" in an attempt to bar "serving or filing any new claims, motions, or other requests for relief with the otter Tail County District Court". The result was an Order from the Court dated October 12, 2023 identifying the Plaintiff as a "frivolous litigant" and putting "preconditions" on the Plaintiffs access to the administrative Court system.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

41.     The Plaintiff therefore is left with no other option but to seek redress of injuries through an article III civil trial by jury administered through the Federal Court System of Justice.

42.     In preparation for a Federal Tort Claim, the Plaintiff paid all claimed assessed tax liabilities by the County of Otter Tail through November of 2023 to avoid any delays in litigation and to remove any further defamation that could adversely affect prospective property sales by the Plaintiff.

43.     The Plaintiff's civil liability claim for the conversion of private property through the administrative process by other public administrators which includes Judge Johnathan Judd, County Attorney(s) and third party contracted attorneys will be made through a separate claim so as to remove any confusion of tort between Defendants.

### 44.     AUDITOR'S ADMINISTRATIVE PROCESS

45.     January 5th 2024 the Plaintiff sought clarification from the County of Otter Tail Auditor Wayne Stein with regards to **Minnesota Statute 272.194** which states in part:

> "*the county auditor determines **that it [the registered property] should be coded under the county code system**, the county auditor, instead of giving notice to the owner by certified mail, as hereinbefore provided, may note upon said instrument, over official signature, the words **"the land described within has been coded and is described for taxation purposes, as follows: (here enter the coded description assigned to said parcel of land in full.)'"***

46.     This Statute appears to require the Auditor, Wayne Stein, to substantiate jurisdictional claims with a "coding" and his signature affirming by oath and affirmation that the State of Minnesota has jurisdictional authority over the registered property. This procedure goes to the heart of the issue.

CASE 0:24-cv-01243-PJS-LIB   Doc. 1   Filed 04/09/24   Page 11 of 34

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

47.     It would appear that the Auditors coding claim gives the treasures office and assessor's office the direction they need to start the claim and collection process for the State of Minnesota.

48.     To date, Wayne Stein has not provided a detailed explanation as to his role with regards to **Minnesota Statute 272.194**.

### 49.     PLAINTIFF'S DECLARATION - CONSTITUTION

*I, Aaron O. Menze as a pacifist by convenience and consistency, am who I am, all present and accounted for from the very beginning (zygote) to the very end (my last breath). My land is held by allodium trust between my creator and myself with the exclusive right of administration. No portion thereof has been abdicated, granted, or relinquished to anyone else.*

*Explanation:*

*Said land is privately administered exclusively by and for the sole (soul) owner. Therefore, all fruits there on produced are administered exclusively and specifically for the benefit of the owner alone.*

*By the court of the sovereign, all preemptory norms, also called jus cogens, accord natural and artificial herein expressed rights of the individual and noted on the record to extend to all interested persons as transmitting utilities by right of subrogation in accordance with MN STATUTE 13.02. This declaration holds the highest law of the land and must be cognized by all subservient states, States, or STATES especially in regards to MN STATUTE 508.04, MN STATUTE 1.042, and any and all other such statutes, codes or ordinances that make overt or subvert claims upon private land or the fruits there on produced and used as mediums of exchange.*

*Any land or fruits registered with subservient states (or similar derivatives) must be administered in accordance with the superior law through **choice of law**. That superior law is the right of the sovereign as the specific and excusive Principal owner rather than any inferior right of a subservient sovereign state(s) through color of law or fiction of law. Claims of surety, bills of attainders, or in REM actions upon the sovereign are herein rebutted and defeated.*

*The sovereign comes as a friend of all other sovereign courts to settle all matters honorably, swiftly, and completely. All claims upon the sovereign's land or the fruits thereon produced must be accompanied by a true bill in equity to receive due consideration. This includes evidence of authority to exercise power over any claimed property.*

### *WRIT OF MANDAMUS*

*All subservient or neighboring states operating under natural law, the Constitution of the State of Minnesota and the Constitution of the United States of America or any franchise there under are here in ordered to stand down (estopple).*

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

*Any administration of private property without the full consent of the owner through a true contract and true bill in equity is a Tort by trespass or conversion of rights.*

*Consideration will be granted upon production of any true contract and true bill in equity to the Principal court of the sovereign. Without supporting evidence, all claims will be treated as acts of war upon the sovereign land and **WRITS OF CERTIORARI** will be sought from subservient state and federal jurisdictions to quash such claims by **WRITS OF MANDAMUS***.

*In the event that gross negligence through willful ignorance or otherwise persists, then a **WRIT OF QUO WARRANTO** or similar such actions will be sought to remove those agents of trust and the powers therein acting upon the land of the sovereign as the principal. Furthermore, civil claims of Tort will be brought to return the Principal back to a whole condition upon the herein stated Tort schedule.*

## CONSIDERATION

*Any offers upon the sovereign's property require a true bill in equity to substantiate their claim. Upon submission to the sovereign, consideration will be granted and administered accordingly.*

## CLAIMS, OFFERS, TORT SCHEDULE

*Any claims or offer must come with evidence of lawful authority from the Principal or be subject to a tort claim.*
*Tort claims are $1000 (one thousand USD) per offer, $10,000 (ten thousand USD) per hour, and $1,000,000 (one million USD) per day until I AM, the Principal, is made whole again.*

### 50.    **DEFENDANTS UNSUBSTANTIATED CLAIM(S)**

51.    Minnesota Statute 273.01 LISTING AND ASSESSMENT, TIME states: *"All real property **subject to taxation** shall be listed ..."*

52.    Minnesota Statute 273.11 VALUATION OF PROPERTY. § Subdivision 1. Generally states: *"**Except as provided** in this section or section 273.17, subdivision 1, all property shall be valued at its market value"*.

53.    Minnesota Statute 273.17, ASSESSMENT OF REAL PROPERTY, Subdivision 1. Property additions, classification changes states: *"In every year, on January 2, the assessor shall also assess all real property that **may have become subject to taxation** ..."*.

54.    Minnesota Statute 273.01, 273.11, and 273.17 state that taxable property is to be assessed according to these statutes but does not state what property is outside the [jurisdictional]

assessment authority of the Minnesota Statutes and therefore the State or County. In other words, they do not state what property is not taxable. It only addresses the property that **may possibly** be the subject of taxation or exemption.

55.    Defendant Wayne Stein presumes that all property in the State of Minnesota is taxable and has so stated on the record under oath. Benjamin Olsen as Otter Tail County Assistant County Attorney stated during the same hearing on the record that the County does not need to establish jurisdiction because "it is presumed" to exist even though the Plaintiff explicitly stated that this matter of controversy is specifically about jurisdictional authority.

### 56.    PLAINTIFFS AFFIRMATIVE DEFENSE OF PROPERTY

57.    The Constitution of the State of Minnesota in Article I Bill of Rights, Sec. 15. States: "*Lands allodial[1]; void agricultural leases. **All lands within the state are allodial[2] and feudal tenures of every description with all their incidents are prohibited**. Leases and grants of agricultural lands for a longer period than 21 years reserving rent or service of any kind shall be void*".

58.    Any assessments that do not return a one to one, cost to benefit ratio return on investment as a result of any statute, ordinance, public policy, policy, rule or law is not a direct tax and therefore must be an indirect tax by operation. The **application** of indirect taxes are unconstitutional on "the People" and their property as the Principals of the Trust (State and Federal constitutions) unless apportioned among the people. Case law supporting this is evidenced in the State record

---

[1]allodium 1: a form of estate among 11th century Anglo-Saxons in which absolute possession and control were vested in the holder —opposed to feodum; 2 usually allodium : land that is the absolute property of the owner : real estate held in absolute independence without being subject to any rent, service, or acknowledgment to a superior: https://www.merriam-webster.com/dictionary/alodium

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____        April 8, 2024

59.    Likewise, if any assessment by any name results in the devaluation or eroding of the
Plaintiff's property or value, it is an indirect tax by operation. Any indirect tax must be
apportioned among the "the People". See attached brief and memorandums of law within court
files 56-CV-AD-23-6, 56-CV-22-718, 56-CV-21-2512, 56-CV-23-494, and Court File No. 56-
CV-23-844.

60.    Only a direct assessment, where there is a one to one, cost to benefit ratio and where no
devaluation of property occurs, is moral, just, and in agreement with both State and Federal
Constitutions.

61.    Nothing has been entered into the record that evidences the Defendant's claimed tax
liabilities upon the Plaintiff's property as being direct.

62.    Rather, it can be readily seen that assessments for school districts that the Plaintiff does
not access are assessed to the Plaintiff through his property. This is a situation of involuntary
servitude where the Plaintiff is being compelled to pay for benefits that others receive.

63.    All other assessments made by the State or its franchises, with exception of the school
districts, do not offer enough clarity to determine if they are direct or indirect in nature.

64.    The school district assessments also fall under a system of "taxation without
representation" since the Plaintiff has no voting power within those school districts, any consent
by the Plaintiff cannot exist and must be by fiction of law.

65.    By law, any indirect tax upon "the People" must be in agreement with the State and
Federal Constitutions and must be "apportioned". No such "apportioned" assessment is claimed
by the County of Otter Tail.

66.    **UNDISPUTED FACTS**

67.    Assessment claims made by the Defendants are attached to the Plaintiff's private

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

property by identification parcel numbers evidenced in District Court Case File NO. 56-CV-23-844.

68.    Those identifying parcel numbers have attached to them "coding", or are codes to identify the property as "taxable" under Minnesota Statute **272.194**.

69.    The coding of the identification parcel numbers is done by or with the oversight of the Otter Tail County Auditor Wayne Stein as identified by Minnesota Statute **272.194**.

70.    Wayne Stein is the sole individual responsible for attesting to lawful or legal claims made through the coding and parcel identification system employed by the County of Otter Tail on behalf of the State of Minnesota.

71.    Any PLAIN ERROR by Wayne Stein or his predecessors could be corrected by Wayne Stein but he has chosen not to substantiate any jurisdictional claims on behalf of the County of Otter Tail.

72.    State District Court File No. 56-CV-AD-23-6, 56-CV-22-718, 56-CV-21-2512, 56-CV-23-494, and 56-CV-23-844 evidences an administrative process whereby the Plaintiff sought administrative oversight of Wayne Steins acts or omissions. The Plaintiff sought Writs of Mandamus and Writs of Certiorari, "redress of injuries" and a denial of due process (no summons, no complaint, no discovery, ECT) guaranteed by both State and Federal Constitutions but received no consideration throughout the entire administrative process.

73.    **STATEMENT OF CLAIM**

74.    The State [though the Defendant fiduciary obligated administrative agents] have made unsubstantiated [obligation] claims that convert private property rights [inherent to "the people" as Principals] into privileges [granted by the State] and then assessed a tax, fee or fine for the administration of those privileges through an administrative process under a system of [statute

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

code] surety by fiction of law and color of law without due process of law or eminent domain

proceedings guaranteed and protected by both State and Federal [express trust] Constitutions.

75.     The plaintiff makes an absolute claim of right to his body and the "fruits of his labor".

This was expressed and is herein restated as "the right to life, liberty and the pursuit of happiness

(property)". Any claims made there upon the Plaintiffs property without being substantiated by

evidence with a true contract or duty of care **and the Plaintiff's consent**, is a conversion of

rights and therefore a Tort.

76.     This action and all claims arises under 42 U.S.C. § 1983 to redress deprivations of

Plaintiff's rights through acts and omissions that Defendant(s) committed under color of law

[and fiction of law] as willful participants in joint activity with others.

77.     This action and all claims also arises under 42 U.S.C. § 1985(3) for the deprivation of

rights and privileges by class based reverse discriminatory animus (privilege vs. right) through

acts and omissions that Defendant(s) committed under color of law [and fiction of law] as willful

participants in joint activity with others.

78.     This action makes no claim of unconstitutionality of any law but rather the

misapplication of statute law(s) upon property **not generally** subject to those laws claimed by the

Defendant(s).

79.     **JUDICIAL NOTICE: POINTS OF LAW**

80.     All relevant points of law to be applied to this case are based upon the Plaintiff's exercise

of private rights over private property.

81.     Any claims upon the Plaintiff's private property are claims upon the Plaintiff.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

*"A proceeding in rem is in effect a proceeding against the owner as well as a proceeding against the goods; for it is his breach of the law which has to be proven to establish the forfeiture, and it is his property which is sought to be forfeited."* 10 Enc. U. S. R. 990; Boyd v. United States, 116 U. S. 616 (6 Sup. Ct. 524, 29 L. ed. 746); Place v. Norwich etc. Trans. Co., 118 U. S. 468 (6 Sup. Ct. 1150, 30 L. ed. 134). MACK v. WESTBROOK, 148 Ga. 690, 98 S.E. 339.

82.    The law relevant to the Plaintiff's property is the will of the Plaintiff as the owner of the property.

83.    Any claimed obligations that the Plaintiff has to the Defendant must be clearly articulable and in plain language to avoid fraud, deceit or fiction of law outcomes.

84.    All acts or doctrines applied by legislative intent, judicial discretion or claimed executive authority without the Plaintiff's consent are void for lack of personal jurisdiction, subject matter jurisdiction and the principle of full disclosure.

85.    While case law may help in determining certain elemental requirements related to the law relevant to this claim, it is secondary to the law itself.

86.    Case law is clear that jurisdiction, especially personal and subject matter must be established for the Defendant's State Court claims to have any validity and yet they have offered none.

87.    "***No sanction can be imposed absent proof of jurisdiction***" Stanard v. Olesen,74 S.Ct.768

88.    "***Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist***." Stuck v. Medical Examiners, 94 Ca2d 751.211 P2s 389

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

89.    "*Jurisdiction, once challenged, cannot be assumed and must be **timely proven, and
emphatically decided**"* Maine v. Thiboutot, 100 S. Ct. 2502

90.    "*The **law requires proof of jurisdiction to appear on the record of the administrative
agency and all administrative proceedings**.*" Hagans v. Lavine,415 U.S.533

91.    "*If any tribunal finds **absence of proof of jurisdiction over person and subject matter,
the case must be dismissed***." Louisville R.R.v. Motley,211 U.S.149,29S.Ct.42

92.    Case law makes it clear that jurisdiction is required for any party moving against another.
This includes a natural man or artificial "creature of the State" making a claim to another's
property.

93.    Any application of language to include terms and definitions outside the realm of
common language and usage is void for fictitious conveyance of language with intent to confuse,
deceive or convert through claims. This includes but is not limited the use of the words "person",
"individual", "natural" or "right".

94.    **CLAIM 1: Defendant's loss of implied immunity; Personally Liable**

95.    Wayne Stein, as the acting Otter Tail County Auditor-Treasurer, was provided brief and
memorandum of law and Declaration with regards to the Plaintiff and his private property in
response to his claims upon said property. These rebutted any presumptive authority he was
exercising over the Plaintiff's private property and offered to settle differences of subjective
truths being applied.

96.    All were rejected, disregarded or both in favor of forcing the Plaintiff to submit to an
administrative process without the consent of the Plaintiff.

97.    This administrative process lacked true due process of law guaranteed by both State and
Federal Constitutions and is a simulation of a legal process. There has never been any true and

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

complete examination of the record to support the Defendants claims which **must include jurisdiction**. Neither has there been applied constitutionally protected due process as outlined in both State and Federal rules of civil procedures.

98.    Wayne Stein is the sole Defendant responsible for initiating all claims by the County of Otter Tail and the State of Minnesota though the misapplication of **Minnesota Statute 272.194**.

99.    Wayne Stein has yet to provide any evidence to support his jurisdiction claims upon the Plaintiff's private property despite repeated requests. Without supporting evidence, all claims are hearsay at best and have no legitimacy or standing before any Court of law.

100.    Wayne Stein selectively applied Minnesota Statutes but ignored:

*Minnesota Statute **279.19** APPLICATION FOR JUDGMENT.*

*... **It shall always be a defense**, when made to appear by answer and proofs, that the taxes have been paid, or **that the property was not subject to taxation**.*

101.    "**State officers may be held personally liable** for damages based upon actions taken in their official capacities." Hafer v. Melo, 502 U.S. 21 (1991).

102.    The Defendant, Wayne Stein, in his individual and official capacity has had opportunity and knowledge by notice and brief and memorandum of law to correct PLAIN ERROR on his part, yet has chosen not to. To make matters worse, he persists that "all property in the State" is the subject of State taxing statutes. By simple logic and reason, this is an impossibility unless the State owns the property. For these reasons and more, any implied immunity from personal liability for his actions is lost and the Court is moved to recognize this truth.

103.    **CLAIM 2: Conversion – Misapplication of Legislative Intent/Law**

104.    Out of convenience and consistency the Plaintiff or others on behalf of the Plaintiff recorded private information about the Plaintiff and his property at the County of Otter Tail Recorders Office. This private information was put on the public record to protect the Plaintiff's

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

natural and legal rights from unjust claims of law, equity, trespass, conversion, eminent domain, and the like.

105.    The Defendants used the public record of the Plaintiff's private property and applied a jurisdictional fiction of law and a color of law legal process under Minnesota Statutes 272.194, 273.01, 273.11, and 273.13 to create unsubstantiated liability assessments upon the Plaintiff or his private property.

106.    All named Defendants conspired to collect those unsubstantiated assessments through an administrative process. This process laid claim over the Plaintiff's property and appears to be established under State [administrative] Statutes and subjected the Plaintiff to fiction of law and color of law claims without Defendant supporting evidence of the Plaintiff's consent or personal, subject matter, territorial or in REM jurisdiction. Based upon these unsubstantiated claims, obligations with threats of legalized conversion through an administrative means without State and Federal Constitutional protection were made upon the Plaintiff and his property.

107.    Even though these statute laws are claimed as applicable to the Plaintiff or his property by the Defendants, no evidence of obligation, duty to perform, or duty of care has been brought forward for examination to substantiate said claims.

108.    Therefore, the application of any statute without evidence of Tort, a duty to perform or duty of care is either a claim of **eminent domain** or **conversion by fiction of law, color of law, or both**. In any case, the Defendants acts and omissions have resulted in the conversion of the Plaintiff's private property and the "fruit of his labors" for the enrichment of others without consideration.

109.    **CLAIM 3:  Conversion - Absent Eminent Domain**

110.    The Defendants conspired to convert the Plaintiff's private property into a public

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

obligation in the absence of due process of law or consideration.

111.    Through a systematic delinquency and default legal process established by legislative Statute code, the Defendants sought and <u>would have</u> taken the Plaintiff's property and sold it for "tax title" without ever establishing jurisdictional authority or right to the property or received oversight by a jury. At no point in this administrative process do eminent domain laws or laws of equity get applied guaranteeing due process of law and consideration.

112.    **CLAIM 4: Conversion - Involuntary Servitude**

113.    The Defendants conspired to convert the Plaintiff's private right into a privilege and then subjugate it to the public at large or others specifically through a system of surety.

114.    The Thirteenth Amendment, Section 1 of the Federal Constitution clearly states:

> "***Neither slavery nor involuntary servitude***, *except as a punishment for crime whereof the party shall have been duly convicted,* ***shall exist within the United States***, *or any place subject to their jurisdiction*".

And in Article I, Section II of the State Constitution it clearly states:

> "*No member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers.* ***There shall be neither slavery nor involuntary servitude in the state*** *otherwise than as punishment for a crime of which the party has been convicted*".

115.    The Defendants claims have never been substantiated by personal, subject matter, territorial, or in REM jurisdictional elements established by law.

116.    Therefore, the Defendants, through concerted acts and omission, subjected the Plaintiff and his property to a system of arbitrary legislative bills, laws, rules, and policies without evidence of jurisdiction or obligation.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

117.    While the Defendants acts and omissions may have followed certain portions of the "letter of the law" the concerted outcome was the subjugation of the Plaintiff and his property in direct opposition to the "intent of the law" within proper confines.

118.    The net result of the Defendants acts was the compulsory involuntary servitude of the Plaintiff to help pay for public services that the Plaintiff receives no benefit or equitable return on investment.

119.    **CLAIM 5: Conversion – Without Due Process of Law**

120.    All named Defendants gave the appearance of adhering to a legal process established under State Statutes and policies allowing all of them to operate by the "letter of the law" and ignore the "intention of the law" within proper confines, or duty of care.

121.    In denying the Plaintiff [as one of the principal "we the People"] justice through remedy and cure redress of injuries procedures on grounds of insufficient procedural due process, all named Defendants conspired with others to deprived the Plaintiff of his property without substantive due process in direct violation of the Fifth Amendment of the Federal Constitution which says:

> "*All persons ... subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall ... abridge the privileges or immunities...;* **nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny ... the equal protection of the laws**".

And in Article I, Section VII of the State Constitution it clearly states:

> **No person shall** *... be a witness against himself,* **nor be deprived of life, liberty or property without due process of law** *... "*

122.    By holding the Plaintiff to a presumptive statutory standard, the Defendants have breached a fiduciary duty of care obligation that should operate by the intention of law within

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____     April 8, 2024

proper confines rather than the letter of the law. This standard is compulsory and requires the

Plaintiff to enter into involuntary servitude to arbitrary standards and policies of State Statutes

without evidence of obligation or suffer rejection or defeat upon technicalities irrespective of

merits.

123.    The record within State Court File No. 56-CV-AD-23-6, 56-CV-22-718, 56-CV-21-2512,

56-CV-23-494, and 56-CV-23-844 reflects the defeat of all attempts by the Plaintiff to settle

controversial matters of statutory application upon the Plaintiff's property without consideration

by the Defendants and coconspirators.

124.    **CLAIM 6: Bill of Attainder**

125.    Under both the State and Federal Constitutions, Bills of Attainder are unlawful.

126.    The Defendants have conspired to issue Bills of Attainder in direct violation of Article I,

Section 10 of the Federal Constitution which states:

> *No state shall ...; **pass any bill of attainder**, ex post facto law, or law impairing the*
> *obligation of contracts, or grant any title of nobility.*

And in Article I, Section 11 [*Attainders, ex post facto laws and laws impairing contracts*

*prohibited.*] of the State Constitution which states:

> "***No bill of attainder***, *ex post facto law, or any law impairing the obligation of contracts*
> *shall be passed, and no conviction shall work corruption of blood or forfeiture of estate.*"

127.    However, due to fictitious conveyance of language, legal interpretations, arbitrary

rulings, unlawful legislative application, and the like, the Defendants as Trust administrators

have applied fiction of law and color of law claims upon the Plaintiff and his property without

first substantiating jurisdiction or a nexus.

128.    The courts have "established a ... test for future attainder cases." In United States v.

Lovett (1946), later confirmed in U.S. v Brown, the court determined that a bill of attainder is 1)

an act of a legislature 2) inflicting punishment and 3) applying to named individuals or easily ascertainable groups who 4) have not been first brought to trial.

129.    In more explicit detail the Court has also said:

*"...The effect was to inflict punishment without the safeguards of a judicial trial and "determined by no previous law or fixed rule." ...The Constitution declares that that cannot be done either by a State or by the United States.*

*Those who wrote our Constitution well knew the danger inherent in special legislative acts which take away the life, liberty, or property of particular named persons [groups or classes] because the legislature thinks them guilty [of owning private property outside of public influence] of conduct which deserves punishment [of taxes, fees or fines]. They intended to safeguard the people of this country from punishment [of taxes, fees or fines] without trial by duly constituted courts. See Duncan v. Kahanamoku, 327 U. S. 304. And even the courts to which this important function was entrusted were commanded to stay their hands until and unless certain tested safeguards were observed. An accused in court must be tried by an impartial jury, has a right to be represented by counsel, he must be clearly informed of the charge against him, the law which he is charged with violating must have been passed before he committed the act charged, he must be confronted by the witnesses against him, he must not be compelled to incriminate himself, he cannot twice be put in jeopardy for the same offense, and, even after conviction, no cruel and unusual punishment can be inflicted upon him. See Chambers v. Florida, 309 U. S. 227, 309 U. S. 235-238.* **United States v. Lovett, 328 U.S. 303 (1946)**

130.    The Defendants administrative claims and the administrative processing of such claims have become bills of attainder under the statutory administrative scheme of enforcement and have never been substantiated with evidence of obligation or duty of care. Furthermore, these claims have been defended as legal instruments within the legislative statutory scheme being enforced under the executive branch of government rather than lawful claims based on property

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

rights which includes a nexus or jurisdictional substantiation over said property and affirmed by the oversight power of the jury.

131.    By acts and omission the Defendants applied an (1) act of legislature (2) inflicting de facto conversion policy upon (3) private property for the enrichment of the others and applied to the Plaintiff who has not been (4) first brought to trial through a due process of law.

132.    This legislative scheme [and the application of it by the Defendants] upon the Plaintiff's private property is by definition a bill of attainder.

133.    **CLAIM 7: Application of Ex Post Facto Law**

134.    The application of Minnesota Statutes upon the property of the Plaintiff by the Defendants are ex post facto laws.

135.    The property rights of the Plaintiff were first established by the land grant patents at the beginning of the founding of this county. Those patents ensured allodial title to property within this county and was enumerated specifically in the State Constitution:

> *ARTICLE I Sec. 15.* **Lands allodial**; *void agricultural leases.*
>
> **All lands within the state are allodial** *and* **feudal tenures of every description with all their incidents are prohibited**. *Leases and grants of agricultural lands for a longer period than 21 years reserving rent or service of any kind shall be void.*

And according to Black's Law Dictionary 6th Edition

> **"Allodial"**: *Free;* **not holden of any lord or superior**; **owned without obligation** *of vassalage or fealty; the opposite of feudal.*

136.    Minnesota's first land grant patents started in 1848. These rights have been conferred by succession to the Plaintiff and therefore still retains those same allodial rights from before the establishment of the State Minnesota in 1858.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____        April 8, 2024

137.    Therefore any State laws making claims of administration, tax, liens, fees or fines which may diminish the value of the property or submit the Plaintiff to any "bill of pains" without consideration is unlawful as an ex post facto law.

138.    **CLAIM 8: Breach of Trust - Fiduciary Obligation**

139.    By both State and Federal Constitutions, the named Defendants are bound by fiduciary obligation as direct employees under State or Federal Jurisdictions. This relationship in no way obligates the Plaintiff or his property to the Defendants or State in any way beyond a duty of care.

140.    As Fiduciaries, the Defendants have access to public property (including financial means) to administer public property on behalf of "the People".

141.    The Plaintiff, as one of "the People" has a lawful and legal equitable claim to all public property. This relationship in no way obligates the Plaintiff or his private property to perform for the public or the administrators of public property but does obligate those administrators to perform under MGDPA (Minnesota Government Data Practices Act), FOIA (Freedom of Information Act), and good general practices of full disclosure.

142.    The Defendants have breached their fiduciary duty by making unsubstantiated claims upon the Plaintiff's private property when directly challenged. These are crimes both at the State and Federal level under 18 U.S. Code § 241 - CONSPIRACY AGAINST RIGHTS, 18 U.S. Code § 242 - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW and MN Statute 609.43 - MISCONDUCT OF PUBLIC OFFICER OR EMPLOYEE just to name a few.

143.    The Defendants use of public funds to deliberately convert the Plaintiff's property without lawful evidence of jurisdiction over said property and consideration is a breach of their fiduciary obligation.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

144.    **CLAIM 9: Breach of Constructive Trust – Abuse of Power and Public Funds**

145.    Through notices of Tort, the Plaintiff has established a Constructive Trust with the Defendants. This Trust creates a binding relationship based upon a duty of care principle.

146.    This duty of care creates an obligation upon the Defendants to stop their acts of tort or at minimum substantiate their acts as being lawful, just and right with evidence of jurisdictional authority over the Plaintiff's property.

147.    By law, the Defendants have at their disposal nearly unlimited power. This power is exercised through executive powers. While those powers come as a direct result of the State and Federal Constitutions, they are limited.

148.    The constructive trust established between the Plaintiff and the Defendants created an obligation to cease and desist their claims upon the Plaintiff's private property until such time that an obligation to perform or a duty to perform by the Plaintiff could be substantiated by the Defendants.

149.    The Defendants have breached this trust by continuing their claims, using administrative maneuvers to avoid answering, remaining silent, and conspiring to continue the conversion of the Plaintiff's private property for the public benefit without substantive jurisdictional authority.

150.    Having access to public funds, allows the Defendants an almost unlimited financial means to retain legal knowledge and power through personal and legal tools. This is all at the disposal of the Defendants at the expense of "the people" which includes the Plaintiff.

151.    **CLAIM 10: Breach of Trust – Defendant's Private Duty of Care**

152.    The Defendant(s), as also one of "the People", exercise their private judgement through their position of public power and therefore have a private duty of care obligation to cease and

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

desist when their actions create Tort upon another one of "the People" whether in their official capacity or private.

153.    Failure to cease and desist any acts of Tort is a breach of trust. Any implied immunity is lost for perpetuating a Tort while in the possession of knowledge that established a duty of care obligation under trust.

154.    Mr. Benjamin Olson as representative for the Defendant in his official capacity on April 13, 2023, stated that the County has no obligation to substantiate their jurisdictional claims because jurisdiction is "presumed".

155.    As long as the Defendant(s) and coconspirators believe that they have no liability attached directly to him, they have no fear of "the People" even though they act on behalf of "the People".

156.    To take the Plaintiff's private property and then use it against the Plaintiff through legal assessments and litigation without the consent of the Plaintiff is a breach of Trust and loss of any implied immunity from civil claims.

157.    **CLAIM 11: Defamation**

158.    The record will reflect that on March 29, 2023 the "DELINQUENT REAL PROPERTY TAX LIST AND NOTICES" was published and delivered to the local community around the Plaintiff within the New York Mills Dispatch (and probably other community newspapers).

159.    Publishing this list defames, disparages and maligns the Plaintiff's good name without the full context of the situation or due process of law. This is a process of legalized character assassination in the attempt to shame individuals into succumbing to legal or peer pressure.

160.    The Defendants have performed acts of legal defamation upon the Plaintiff and his property under the color of law, fiction of law or both.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

161.    Evidence of defamation comes directly from Beth Madson, as a realtor for the Plaintiff, who messaged the Plaintiff and asked "*I received a text about your name in the paper for not paying property tax. What is the response you would like me to tell this potential buyer?*"

162.    This is direct evidence that the Defendants acts and omissions are having negative implications upon the Plaintiff's private business without due process of law or evidence of jurisdiction with regards to their claims upon the Plaintiff or his property.

163.    **CLAIM 12: Reverse Discriminatory Animus-"Interested Persons"**

164.    The Plaintiff retains all "rights and privileges" guaranteed by both State and Federal Constitutions.

165.    The use of the "interested person" as a transmitting utility has become the standard practiced by most if not all public agents licensed by the State to include the BAR, realtors, insurers, brokers, bankers, accountants, doctors, ECT.

166.    Only by convenience and consistency do "The People" as principals of the State and Federal constitution use the "interested person" in nearly all public interactions.

167.    All inherent rights of the Plaintiff are naturally accorded to the "interested person" by declaration.

168.    The Defendants worked in a concerted effort to convert the Plaintiff's inherent private right to property into a public privilege [by ignoring jus cogens norms and other law forms having superior standing] through the "interested person" and then assess a tax, fee or fine for the administration of that privilege in a scheme of surety to pay for public services.

169.    This privilege ignores all inherent rights naturally retained by the Plaintiff and is presumably based upon the inferior State granted rights (privileges), status and standing of a transmitting utility [as an "interested person"].

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

170.   **Claim 13: Breach of Trust: Private – Public Relationship**

171.   While the Plaintiff and his property may be "in the public but not of the public", the

Defendants failed to recognize the limits and bounds put upon them as public service

administrators by the State and Federal Constitutions and only relied upon inferior State Statutes,

policies, rules and the like to make unsubstantiated claims upon the Plaintiff and his property.

172.   By trust, the Plaintiff gives consent to State and Federal Jurisdiction to administer public

property but reserves all rights to private property.

173.   Any acts of omissions by the Defendants through presumption without evidence of an

obligation by the Plaintiff created through a duty of care or corpus delecti is a breach of the

**private – public** relationship.

174.   **Administrative Relief**

175.   The Court is reminded of 28 U.S. Code § 1657 - Priority of civil actions which states in

part: *"each court of the United States shall determine the order in which civil actions are heard*

*and determined, except that the court shall expedite the consideration of ... any action for*

*temporary or **preliminary injunctive relief, or any other action if good cause** therefor is shown.*

*For purposes of this subsection, **"good cause" is shown if a right under the Constitution of the***

***United States ... would be maintained in a factual context that indicates that a request for***

***expedited consideration has merit."***

176.   Judicial notice is herein given and the Court is moved to cognize that all Court

administrators and the named Defendants in their official capacity all receive their authority to

act though privilege under both State and Federal Constitutions and therefore are fiduciaries by

trust with respect to public property. The administration of private property without an owner's

consent, duty to perform, duty of care, and the like is a Tort.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                    April 8, 2024

177.    Wherefore, the Plaintiff moves the Court to set all proceedings to "in person" at the

Fergus Falls Federal District Court House. This location is nearest the Plaintiffs residence, the

Defendants place of business, and the location of the events alleged to have taken place. To

require the Plaintiff to travel to the Minneapolis, St. Paul, or Duluth Minnesota would create a

hardship upon the Plaintiff.

178.    Furthermore, the Court is moved to give cognitive recognition and consideration to the

fact that as a self-represented pro se litigant, the Plaintiff has limited financial means, limited

legal knowledge and experience, difficulty in obtaining cost effective legal counsel, finite time

constraints set by statute, and intimidation factors expected to be presented to the court by the

Defendants legal team all as bars to moving this claim through the legal process towards justice.

179.    Furthermore, under LR 83.5(a)(2)(D) the Plaintiff moves the Court to acknowledge any

assistance of counsel that the Plaintiff may need to employ before the court not as legal counsel

but rather as a friend of the court. In doing so, the Plaintiff is less likely to make mistakes, waste

the courts time, or increase litigation cost to the Plaintiff and the Defendant.

180.    The Court is further moved to compel the Otter Tail County State District Court to

forward all digital records related to Court File No. 56-CV-AD-23-6, 56-CV-22-718, 56-CV-21-

2512, 56-CV-23-494, and 56-CV-23-844 and accord them into this record. These records are

many and should already be digitized. This should lessen the burden upon administrative staff,

the Plaintiff and the Defendants.

181.    The Court is further moved to order under 42 U.S. Code § 1988 - Proceedings in

vindication of civil rights and award the Plaintiff reasonable costs and fees for having to litigate

this claim going back to the initial offer made on or about November of 2020 at the conclusion

of this litigation process.

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____                April 8, 2024

182.    The Court is further moved to order all evidence to be turned over to the Justice

Department, FBI, and/or any other relevant federal departments to commence criminal

complaints before a grand jury. The Defendant's as officers and agents of the State who through

their respective positions have committed crimes against the Plaintiff and others under colorable

fiction of law in opposition to the State and Federal Constitutions which is where the Defendants

receive their limited authority as a public servant agents. The list of crimes may include but is

not limited to: 18 U.S.C. §241 - Conspiracy against rights; 18 U.S.C. § 242 - Deprivation of

rights under color of law; 18 U.S. Code § 245 - Federally protected activities; 18 U.S. Code §

246 - Deprivation of relief benefits; 18 U.S. Code § 247 - Damage to religious property;

obstruction of persons in the free exercise of religious beliefs; 18 U.S. Code § 514 - Fictitious

obligations and any other relevant code violation.

183.    The Court is further moved to order the appropriate Federal and State departments to

initiate WRIT OF QUO WARRANTO or similar such proceedings for the blatant disregard of

protected rights of the Plaintiff and other Principals of both State and Federal Constitutions

through Defendant officers and public agent acts and omissions. These proceedings should

commence as soon as practical irrespective of the whether this claim is moved to completion or

not.

184.    **Injunctive Relief**

185.    Furthermore, the Plaintiff moves the Court under Rule 7.1(C)(6)(A) & (B) to order or set

for hearing motion for injunctive relief by issuing orders in the form of a Writ of Mandamus as a

cease and desist. This Court is moved to either sign the orders within State District Court File

No. 56-CV-23-582 or compel the State District Court to sign said orders put before it since they

held original jurisdiction over the petition. Either way, Tort perpetrated upon the Plaintiff will be

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

halted and the Defendants actions or inactions in agency for their unsubstantiated claims upon

the Plaintiff and his property will cease. If the Defendants wish to move their claim forward

against the Plaintiff or his property through a properly adjudicated process under a court of

competent jurisdiction over the matter it must be accompanied by a brief and memorandum of

law specific to the State and Federal constitutional bars, make jurisdictional statement of fact

with regards to the Plaintiff's private property and must rebut the Plaintiff's declaration and brief

and memorandum of law within the record.

186.    If the Defense attempts to delay movement of this claim by a Rule 12 motion, the Court

is moved to immediately compel the Defense to provide the Court with a statement of

jurisdiction over the Plaintiff or his property and set a show cause hearing to hear oral arguments

to address the need for immediate injunctive relief. Justice delayed is justice denied.

187.    **Damages**

188.    The Court is further moved to award the full monetary damages upon the **Defendants in**

**their official public service capacity** in accordance with the first noticed Tort schedule

establishing the Plaintiff's objections and rights being superior to the Defendants claim on or

about November 18, 2020. This first notice established a constructive trust relationship that has a

duty of care binding obligation of trust with the Defendants as public fiduciaries. The

perpetuation of the Defendants claims upon the Plaintiff's private property in light of preemptive

evidence through a legalized system of conversion is a conspicuous Tort.

189.    The Court is further moved to award the full monetary damages upon the **Defendant,**

**Wayne Stein, in his private capacity** in accordance with the first noticed Tort schedule

establishing the Plaintiff's objections and rights being superior to the Defendants claim on or

about November 18, 2020. **As private people holding public offices of trust**, the Defendants

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____          April 8, 2024

perpetrated acts of Tort upon the Plaintiff in a concerted conspiratorial effort to deprive the

Plaintiff of his private property. Through the Defendants breach of trust, all bars of constructive

or implied immunities have been removed through the due diligence of the Plaintiff to notice,

inform, and warn the Defendants of the continual acts of Tort without any consideration

returned.

190.    Furthermore, the Court is moved to award any and all damage awards to the Plaintiff that

the court may deem just and prudent to deter the Defendants or others in similar positions of

trust from perpetrating similar acts or omission of Tort upon the Plaintiff or others.


In the State of Minnesota, County of Otter Tail and the 8th day of April 2024 and in accordance
with MN Statute 358.116 and other recognized oath and affirmations, I declare under penalty of
perjury that everything I have stated in this document is true and correct to the best of my
knowledge.


Date:   April 8, 2024

        Signature of Plaintiff  _____
                                 All Rights Reserved

        Mailing Address          47705 County Highway 54
                                 Ottertail, MN, 56571
        Telephone Number         218-640-6658
        Email                    amenze71@gmail.com